CATHARINE FOTHERGILL, Respondent, *v.* WILLIAM FOTHERGILL and Others, Respondents; SUSAN FIELD and Others, Appellants.

*Construction of a will — how the testator's meaning may be ascertained.*

While it is always permissible to ascertain a testator's meaning from an examination of the whole will, it is never permissible to refer to a clause, the meaning of which is doubtful, for the sole purpose of obscuring that which is clear.

A testator left a will in which appeared a clause of which the following is a copy:
"After all my lawful debts are paid and discharged, I give and bequeath to Ann Fothergill, my wife, all my real and personal estate, and any other property belonging to me, the said John Fothergill, to use and own during her lifetime, consisting of real estate in Jersey City, known as 131 Railroad avenue, also those lots and houses, known as Neperan avenue, in the town of Yonkers,

Westchester county, New York, if the said Ann Fothergill survives me, and then at her demise, to be left as follows : And the said Ann Fothergill, she has free and full liberty to grant and give or bequeath one-third of the entire estate to whomsoever she thinks proper, and the two-thirds or balance of the estate to be left and equally divided among my brothers and 'sisters of the said John Fothergill. Also, I publish and declare that if my wife, Ann Fothergill, should marry again after my death all the above-named property belonging to me shall pass from her to my brothers and sisters in equal parts, excepting her right of dower, or one-third of the entire estate, for her use, to hold and dispose as she thinks proper, as it is stated in foregoing part of this will."

*Held,* that the use of the expressions " one-third of the entire estate" and " the two-thirds, or balance of the estate," included all the property possessed by the testator, and that there was in the language no possible justification for the claim that the power granted to the widow was confined to any less estate than one-third of the fee, provided the widow survived her husband and did not remarry;

That the devise of one-third of the estate by the will of the widow was valid and passed title to the same, as she had not remarried after the death of her husband.

APPEAL by the defendants, Susan Field and others, from an interlocutory judgment in partition of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Westchester on the 24th day of March, 1894, upon the decision of the court rendered after a trial at the Westchester Special Term.

*Thomas W. Butts, John W. Alexander* and *Edwin C. Mott,* for the appellants.

*Ralph E. Prime, Jr.,* and *William C. Prime,* for the respondents.

BROWN, P. J.:

This action is brought for the partition of real estate situated in the city of Yonkers, Westchester county. John Fothergill is the common source of title, and the only question presented on this appeal relates to the construction to be given to his will.

The material part is as follows :

" *First.* After all my lawful debts are paid and discharged, I give and bequeath to Ann Fothergill, my wife, all my real and personal estate, and any other property belonging to me, the said John Fothergill, to use and own during her lifetime, consisting of real estate in Jersey City, known as 131 Railroad avenue, also those lots and houses, known as Neperan avenue, in the town of Yonkers,

Westchester county, New York, if the said Ann Fothergill survives me, and then at her demise, to be left as follows : And the said Ann Fothergill, she has free and full liberty to grant and give or bequeath one-third of the entire estate to whomsoever she thinks proper, and the two-thirds or balance of the estate to be left and equally divided among my brothers and sisters of the said John Fothergill. Also, I publish and declare that if my wife, Ann Fothergill, should marry again after my death, all the above-named property belonging to me shall pass from her to my brothers and sisters in equal parts, excepting her right of dower, or one-third of the entire estate, for her use, to hold and dispose as she thinks proper, as it is stated in foregoing part of this will."

Ann Fothergill survived her husband and never remarried. She died in December, 1891, leaving a last will and testament, in which, after reciting the power given to her by her husband's will, she devised one-third of his entire estate. The appellants claim title under that devise.

The learned trial court held that under her husband's will Ann Fothergill " became seized and possessed as devisee of an estate for her natural life in the whole of the lands and premises " mentioned in the will, "and took no other right, title, interest or estate therein of any nature whatsoever," and upon her death " all the right, title and interest in said land and premises passing to her by and under said will ceased and determined." And he refused to find that she had a valid power of appointment of one-third of all the property of which her husband died seized.

The judgment consequently determined that the appellants, who are the appointees of Ann Fothergill, had no interest or estate in the property which is the subject of the action.

No opinion was written at the Special Term, and we are not informed of the reason for the conclusion reached by the court, but the respondents seek to sustain the judgment by reference to the disposition made of the estate in case Ann Fothergill remarried, and because the testator there used the expression " her right of dower, or one-third of the estate," it is claimed that the one-third of the real property, which by the preceding clause she was empowered to dispose of, was " her right of dower." That we may not misstate the argument addressed to us we quote from the respondent's brief.

" Point V. He further says : ' And the said Ann Fothergill, she has free and full liberty to grant, give and bequeath one-third of the entire estate to whomsoever she thinks proper.' He does not give it ; she has it. He is clearly referring to a fact, an existing condition, outside of the will, not created by virtue of, but independent of the will, and existing beyond his control or power to change. \* \* \* What was the ' one-third ' here referred to ? Manifestly her right of dower in the real estate, and her absolute right to one-third of the personalty passing by the will. \* \* \* His scheme for the disposition of the estate was simply this : By his gift his wife, during her widowhood, was to enjoy an estate for her life in all his property, to which he enlarged her dower right, which she had as a matter of law ; on her remarriage all was to pass from her to his brothers and sisters, excepting only this right of dower, or ' one-third ' over which he had no control."

" Point VIII. \* \* \* What he had in his mind is not a division by his own act of the estate into thirds, one of which he, by his own act, gives to his widow absolutely, and the other two to his brothers and sisters ; but rather the effect of the law upon the estate, carving it into dower, his widow's right, which he could not affect or change by any act on his part, and balance, which was all he could dispose of, and which, upon the termination of the life estate, he intended should go to and be divided among his brothers and sisters."

This argument, we think, has no support in the language of the will. The testator intended to provide for his wife first, in case she remained his widow, and second, in case she remarried.

In reference to the first condition the language of the will is so plain and simple that it is absolutely impossible to mistake its meaning. In apt and appropriate words the testator gives to his wife, should she survive him, all his property " to use and own during her lifetime." Upon her death it is " to be left as follows : " Full and free liberty is given to his wife " to grant, give or bequeath one-third of the entire estate to whomsoever she thinks proper, and the two-thirds or balance of the estate to be left and equally divided among my brothers and sisters." The use of the expressions " one-third of the entire estate " and " the two-thirds, or balance of the estate," included all the property possessed by the testator, and

there can be no possible justification in this language for the claim that the power granted to the widow was confined to any less estate than one-third of the fee. There is no occasion to refer to the latter clause of the provision where reference is made to "right of dower." The contingency there provided for never arose, and that part of the will never became operative. Assume that there is doubt and uncertainty about the meaning of the sentence "right of dower, or one-third of the entire estate," we have no occasion to elucidate or define it. It stands alone, applicable only to a contingency which never has and never can arise. While it is always permissible to ascertain a testator's meaning from an examination of the whole will, it is never permissible to refer to a clause the meaning of which is doubtful, for the sole purpose of obscuring that which is clear.

We are of the opinion that the devise of one-third of the estate by the will of Ann Fothergill was valid, and that the appellants are entitled to such estates in the land as they respectively have under that devise.

The judgment must be modified by awarding to them such estates in the land, and as so modified affirmed, with costs to the appellants, payable out of the fund.

The order to be settled on notice by either judge of this court.

CULLEN, J., concurred; DYKMAN, J., not sitting.

Judgment modified, and as modified affirmed, with costs to the appellants, payable out of the fund. Order to be settled on motion by either judge of this court.